## ALEXANDER F. MILLER *et al.*

### *v.*

## JOSEPH BOTTO *et al.*

CONTRACT— *construction.* A builder had taken a contract to erect a building, and bought brick at $7 per thousand to be used therein, and while the same were being delivered he sub-let the mason work by contract with other parties, whereby they agreed to take the brick then being delivered on the ground, from the builder, at $7 per thousand, and have the same laid up in the walls at $10 per thousand, including the price of the brick at $7 per thousand, the brick work to be measured according to brick measurement in the walls: *Held,* that the true construction of the contract was, that the parties doing the brick work were to have $3 per thousand for their work, measured in the wall, and not $10 per thousand thereon, deducting $7 per thousand only on the brick by kiln count.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Mr. LESLIE ROBISON, for the appellants.

Mr. L. HARMON, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition, brought by appellants in the circuit court of Peoria county, against Joseph Botto, John Waugh and Thomas S. Dobbins, appellees, to enforce a mechanic's lien upon certain premises in the city of Peoria.

Appellees put in answers to the petition, to which a replication was filed, and by agreement a jury was waived and a trial was had before the court, which resulted in a decree in favor of appellants for $216.44, to reverse which they have brought this appeal.

It appears from the record that Joseph Botto, who was the owner of the premises, contracted with John Waugh to erect for him a brick store building. Appellants entered into a contract with Waugh to do the mason work in the erection of the building, and the only controversy in the case arises upon the construction of the latter contract as to the amount appellants should receive for their labor.

The contract was in the words and figures following:

" Article of agreement maid and Entered into this 10th day of August 1874 By and between Moses Dusenbery and A. F. Miller of the first part and John Waugh, of the Second part, all of the city of Peoria and State of Illinois. The said Dusenbery and Miller agrees with Said Waugh to take the Brick now being delivered on the ground from Said Waugh at Seven Dollars per thousand and have the Same laid up in the walls for ten Dollars including the Price of the Brick per thousand at 7 dollars the frunt of the Building to be Backed up with 8 inchs walls the Brick Joints are to be Struck and the walls to be all put up in a good workmanlike manner and the Brick work to be all Satisfactory to the owner of the building Joseph Botto all to be mishered according to

Brick misherment in the walls, and have all the walls Poot up without aney unnecessery Delay.

"PEORIA *August* 10*th* 1874.

"And wee have hereunto Sat our hands and Seals the Day and year above written. Callor walls to be 16 inches thick the Ballance of the Side walls to be 12 in and over the roof 8 inches, and backing up in front 8 inches &c with the usule footing at the foundation

"MOSES DUSENBURY      [s l]
"A. F. MILLER               [s l]
"JOHN WAUGH             [s l]"

It is urged by appellants. that the court erred in allowing parol evidence to be introduced, which, as it is claimed, tended to vary or change the meaning of the written contract.

Whether the parol evidence introduced would have been proper had the cause been tried before a jury, it is not necessary to determine. In our opinion, the decree rendered by the court is correct, and even if incompetent evidence was heard, its admission has done no harm, and it was probably not considered by the court in arriving at a decision on the facts of the case.

It is conceded that appellants laid in the walls of the building 242,421 brick, by wall measurement. They were allowed by the court $3 per thousand for their labor under the contract. But they insist this was not a proper construction of the contract; that they were entitled to $10 per thousand, from which should be deducted the brick furnished by Waugh, at the rate of $7 per thousand kiln count.

It appears from the evidence, that Waugh purchased for the building, at kiln count, 172,000 brick. These, when laid in the wall, measured, wall measurement, 242,421 brick.

Waugh purchased, delivered upon the premises, and paid for all the brick that were laid in the walls of the building.

Appellants did not purchase, pay for or furnish any brick that were placed in the building.

If the construction contended for by appellants be the correct one, they will receive pay, not only for all brick laid at $3 per thousand, wall measure, but, in addition to this, they will get $7 per thousand from Waugh for 70,421 which were never furnished or placed in the building, which is the difference between the actual number of brick laid and the wall measurement.

This fact, of itself, is so repugnant to the evident intent of the parties, as disclosed by the contract, as to condemn the construction contended for.

Aside, however, from this, when the language used by the parties in the contract is given a fair and reasonable construction, it evidently means that appellants were to be paid at the rate of $3 per thousand for doing the brick work upon the building.

In the second clause of the contract the words used are, "The said Dusenbery and Miller agree with Waugh to take the brick now being delivered on the ground, from Waugh, at $7 per thousand, and have the same laid up in the walls for $10, including the price of the brick per thousand at $7." In other words, appellants were to take the brick on the ground, as furnished by Waugh, who had bought and paid for them, and lay them in the walls for $10 per thousand, deducting $7 per thousand, the price paid by Waugh for the brick.

After the price of the brick is deducted, it is plain to be seen appellants would have left for their labor $3 per thousand.

This is the amount the court determined should, under the contract, be paid appellants. The number of the brick, however, were counted according to wall measurement, and in this, under the evidence, we are satisfied the court was correct.

After the payments which had been made were deducted, the amount named in the decree, under the evidence, was the true sum due appellants. The decree will therefore be affirmed.

*Decree affirmed.*